UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**NELSON DESIGN GROUP, LLC**                                                              **PLAINTIFF**

v.                                  **CASE NO. 3:07-CV-00177 BSM**

**RICHARD PUCKETT; BARRY PHILLIPS;
STATE DEVELOPMENT, LLC; BRENT
PHILLIPS; AND CENTRAL STATES
DEVELOPMENT, INC.**                                                                       **DEFENDANTS**

## ORDER

Before the court is plaintiff Nelson Design Group's petition for attorney's fees and expenses. Defendant Richard Puckett ("Puckett") and defendants Barry Phillips, State Development, LLC, Brent Phillips, and Central States Development, Inc. (the "Phillips defendants") have responded.

This copyright infringement and breach of confidentiality case was tried to the court on June 29 through July 1, 2009. On July 28, 2009, the court found that defendant Puckett infringed on Nelson Design Group's ("Nelson Design") copyrights numbered NDG128R, NDG220, NDG508, NDG510, and NDG905, as alleged in the first, second, third, fifth, and eighth infringement allegations, and that the Phillips defendants used the infringed designs. Although it was "an extremely close call," the court found that Puckett did not infringe Nelson Design's copyrighted plan number NDG567 as alleged in the fourth infringement allegation. The court also found in favor of the Phillips defendants on infringement allegations six and seven. The court found that Central States Development, Inc. did not receive services from Puckett, and therefore, all claims against it were dismissed.

The court ordered Puckett to pay damages of $8500 to Nelson Design, and ordered State Development, LLC to pay $4250 to Nelson Design. The court declined to hold Barry and Brent Phillips, who purchased the designs for State Development, LLC, liable for damages because there was no proof that those individuals knew that Puckett was selling designs that infringed upon Nelson Design's copyrighted designs. The court enjoined all defendants from ever using the designs at issue and from engaging in any future activity that infringes upon the copyrighted designs of Nelson Design. Finally, the court ordered Puckett and State Development, LLC, jointly and severally, to pay the reasonable attorney's fees and costs incurred by Nelson Design in the enforcement of the five designs that Puckett and State Development, LLC infringed.

## I. ATTORNEY'S FEES

Nelson Design requests attorney's fees in the amount of $36,310,[1] which consists of 204.8 hours at $200 per hour for legal work and $100 per hour for travel.

In response, Puckett and the Phillips defendants contend that no action taken or defense asserted by them was frivolous, motivated by bad faith, objectively unreasonable, or requires further deterrence. They also contend that the attorney's fees incurred to prosecute Nelson Design's unsuccessful claims should not be awarded. Finally, they contend that the petition lacks the specificity required to justify the claimed amounts.

---

[1] According to the court's calculations, 42.6 travel hours at $100 per hour and 162.2 hours of legal work at $200 per hour comes to a total of $36,700.

Pursuant to 17 U.S.C. § 505, the court may award reasonable attorney's fees to the prevailing party in a copyright action. *Mary Ellen Enter. v. Camex, Inc.*, 68 F.3d 1065, 1072 (8th Cir. 1995). "Among the factors a district court can consider in deciding whether to award attorneys' fees are 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

The Eighth Circuit has also set forth the following as factors to be considered in determining a reasonable attorney's fee:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis*, 96 F.3d 323, 332 n.10 (8th Cir. 1996). "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

The court finds that the requested $200 hourly rate for legal services is reasonable. The court finds, however, that a 30% reduction in billed hours due to the limited success by Nelson Design on its claims results in reasonable fees. The court notes that in reducing the

award by 30%, it has also accounted for concerns it has regarding billing of travel time. According to its calculations, over forty hours, at $100 per hour, were billed for travel time of Nelson Design's counsel. Therefore, the attorney's fee award is computed as 29.82 hours (70% of 42.6 travel hours) at $100 per hour and 113.54 hours (70% of 162.2 hours of legal work) at $200 per hour, for a total of $25,690.

## II.  COSTS

Nelson Design requests $795.60 in mileage, consisting of 2340 miles at $0.34 per mile, as well as $710.31 for the filing fee, service of process, postage, and numbered tabs. Defendants object to claimed expenses for numbered tabs, postage, and travel expenses.

"[C]osts under 17 U.S.C. § 505 are limited to the costs expressly identified in 28 U.S.C. § 1920." *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996).  28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party, including:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . ..

As the $350 filing fee and $200 service of process fee are not objected to, these costs are awarded. *Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (upholding the district court's decision to award attorney travel and private process server

expenses as "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee paying client"); *but see Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (stating that fees associated with the use of a "special process server [are not recoverable] because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.").

Similarly, the Eighth Circuit has upheld awards for messenger and express mail as "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys," that should have been included as part of the reasonable attorney's fees awarded. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996). As the requested costs for numbered tabs, postage, and mileage are reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, these costs are awarded.

### III. APPORTIONMENT

The Phillips defendants request that the court apportion the award of attorney's fees and costs severally in accordance with the percentage of total damages assessed against each. Specifically, the Phillips defendants claim that State Development, LLC should only be liable for one-third of the attorney's fees and costs.

The court has already ruled that the liability for attorney's fees and costs will be joint and several, and it declines to reconsider that ruling.

Accordingly, plaintiff's motion for attorney's fees and costs (Doc. No. 82) is granted as stated herein. The court awards plaintiff Nelson Design Group $25,690 in attorney's fees and $1505.91 in costs.

IT IS SO ORDERED this 8th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE